IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RONALD LEE SPIGNER, | ) | |
| | ) | |
| Plaintiff, | ) | 8:03cv37 |
| | ) | |
| vs. | ) | MEMORANDUM AND ORDER |
| | ) | |
| DOUGLAS COUNTY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on filing nos. 43 and 44, the Motions to Dismiss filed by the defendants, Douglas County, Wexford Health Sources, Inc. ("Wexford"), and employees of the County and Wexford. The plaintiff, Ronald Lee Spigner, presently a prisoner in the Nebraska State Penitentiary, brought this action while he was an inmate at the Douglas County Correctional Center ("DCCC"). Douglas County administers the DCCC and is responsible for its policies and operations, and Wexford provided medical services to inmates at DCCC at the relevant time pursuant to a contract with the County.

The plaintiff asserts federal civil rights claims pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his medical and dietary needs at DCCC. Specifically, when the plaintiff arrived at DCCC on December 6, 2003, he notified the staff that he had an allergy to tomatoes and tomato by-products. DCCC intake staff informed the plaintiff that the information would be recorded in his file and that, after a short time, the plaintiff would begin receiving substitute food trays containing no tomato products.

After the plaintiff did not notice any change in his food trays, he wrote inmate interview requests ("kites") to Wexford personnel at DCCC. However, although he received positive responses, no substitute food products actually materialized. Tomato food products continued to appear at various times on the plaintiff's food trays. DCCC and

Wexford staff also refused to provide the plaintiff with copies of his kites which the plaintiff wished to use as evidence in a legal proceeding or for purposes of filing grievances.

By the time the plaintiff filed his initial complaint in this action on January 23, 2003, he had broken out in a rash and had also lost 10-15 pounds of weight. One of the Wexford physicians examined the plaintiff's rash and prescribed a medication to reduce itching. The plaintiff acknowledges in his Amended Complaint that at some point, DCCC personnel did provide the plaintiff with the correct food trays and also gave him double portions of food to help the plaintiff regain his lost weight. However, the plaintiff complains of the defendants' unprofessional disregard for his welfare and delayed response to his dietary and medical needs.

The Eighth Amendment to the United States Constitution requires prison officials to provide humane conditions of confinement, including adequate food, clothing, shelter, and medical care. Farmer v. Brennan, 114 S.Ct. 1970, 1976 (1994). A viable Eighth Amendment claim consists of an objective component and a subjective component. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir. 1998). See also Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997): "To prevail on an Eighth Amendment claim, an inmate must show both an objective element, that the deprivation was sufficiently serious, and a subjective element, that the defendant acted with a sufficiently culpable state of mind." Id.

The objective element of an Eighth Amendment claim requires a deprivation which, viewed objectively, is sufficiently "serious," that is, "the prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities;' or the prison official must incarcerate the inmate under conditions 'posing a substantial risk of serious harm.'" Simmons v. Cook, 154 F.3d 805, 807 (8th Cir. 1998) (citation omitted).

The subjective element of an Eighth Amendment claim requires that a prison official act with deliberate indifference to inmate health or safety. Farmer v. Brennan, 114 S.Ct. 1970, 1977-78 (1994). Deliberate indifference means that the prison official both was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 1979. Thus, to satisfy the subjective component requires a finding of actual knowledge on the part of the defendant. See Coleman v. Rahija, 114 F.3d 778, 785 (8th Cir. 1997): "A prison official may be held liable under the Eighth Amendment if he or she knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." In short, "[t]o show deliberate indifference, [the plaintiff] must prove that the [defendant] knew of, yet disregarded, an excessive risk to [the plaintiff's] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997).

However, the facts as alleged by the plaintiff amount to negligence, or, at most, gross negligence. Negligence by prison officials is not actionable under 42 U.S.C. § 1983. See, e.g., Daniels v. Williams, 474 U.S. 327 (1986) (inmate who slipped on a pillow negligently left on jail stairs by a corrections officer was not "deprived of his liberty interest in freedom from bodily injury"). It is true that "[p]ersons involuntarily confined by the state have a constitutional right to safe conditions of confinement." Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996). However, "[n]ot every deviation from ideally safe conditions amounts to a constitutional violation." Id. Accord Tucker v. Evans, 276 F.3d 999, 1002 (8th Cir. 2002) (negligence, even gross negligence, is insufficient to prove a violation of the Eighth Amendment). In this case, the Amended Complaint does not give rise to an inference that any defendant subjectively acted, or failed to act, with callous disregard of

a known risk of serious harm to the plaintiff's health or safety.  Instead, the alleged conduct indicates disorganization, mismanagement or lack of communication between DCCC intake and kitchen personnel.

The conditions of the plaintiff's confinement at DCCC , while unfortunate, were not "'so inappropriate as to evidence intentional maltreatment ....'" Jolly v. Knudsen, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted).  A claim of negligence arises under Nebraska law, not federal law, and may be asserted in a state court.  It is the "unnecessary and wanton infliction of pain" which constitutes cruel and unusual punishment forbidden by the Eighth Amendment.  See Phillips v. Norris, 320 F.3d 844, 848 (8th Cir. 2003) (the plaintiff must show unnecessary and wanton infliction of pain, as well as a deprivation denying the minimal civilized measure of life's necessities).  The plaintiff has not alleged facts approaching that exacting standard.

THEREFORE, IT IS ORDERED:

1. That filing nos. 43 and 44, the defendants' Motions to Dismiss, are granted;

2. That all other pending motions are denied as moot; and

3. That a separate judgment will be entered accordingly.

DATED this 24th day of October, 2005.

BY THE COURT:

s/Laurie Smith Camp
Laurie Smith Camp
United States District Judge